UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------X
ASHAKI JONES,

                              Plaintiff,

        -against-

THE CITY OF NEW YORK, et al,

                             Defendants.
-----------------------------------------------------------X

NOT FOR PUBLICATION
**MEMORANDUM & ORDER**
11-cv-5042 (CBA)

**AMON, Chief United States District Judge**.

    Defendant City of New York has moved, pursuant to 28 U.S.C. § 1404(a), for transfer of venue of the above-captioned action to the Southern District of New York. Plaintiff, a captain employed by the New York Department of Corrections ("NYDOC"), commenced this action on October 17, 2011. She brings claims under Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e *et seq.*; 42 U.S.C. § 1981; 42 U.S.C. § 1983; the New York State Human Rights Law, N.Y. Exec. Law §§ 290 *et seq.*; and the New York City Human Rights Law, N.Y. City. Admin. Code §§ 8-101 *et seq*. She alleges that she was discriminated against on the basis of her race and sexual orientation, that she was subject to a hostile work environment, and that she was retaliated against for complaining about these conditions.

    On June 28, 2011, several months before Jones filed her action, Sheri Allen—Jones's wife and also an employee at NYDOC—commenced an action in New York State Supreme Court. That action was removed to the United States District Court for the Southern District of New York on July 22, 2011. Allen's complaint states claims under the same statutes as Jones's, and other than Warden Emmanuel Bailey, who is a defendant only in Jones's action, the defendants in both actions are the same. Allen and Jones are also represented by the same counsel.

1

Section 1404(a) provides that "[f]or the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought." A party seeking transfer under § 1404(a) must demonstrate that (1) "the transferee court [is] able to exercise jurisdiction over the parties and must be an appropriate venue of the action;" and (2) "the balance of convenience and justice favor[s] transfer." *Fellus & Strene, Agee & Leach, Inc.*, 783 F. Supp. 2d 612, 617 (S.D.N.Y. 2011). As all parties agree, Jones could have brought this action in the Southern District of New York, so the only issue is the balance of convenience and justice.

The factors generally relevant to the balance of convenience and justice include "(1) the plaintiff's choice of forum, (2) the convenience of witnesses, (3) the location of relevant documents and ease of access to sources of proof, (4) the convenience of the parties, (5) the locus of operative facts, (6) availability of process to compel the attendance of unwilling witnesses, (7) the relative means of the parties, (8) the forum's familiarity with the governing law, and (9) trial efficiency and the interest of justice, based on the totality of the circumstances." *Id.* Because of the Eastern and Southern District's close proximity, however, several courts have acknowledged that many of the convenience factors do not weigh heavily when transfer is sought from one to the other. *See, e.g.*, *Ahmed v. T.J. Maxx Corp.*, 777 F. Supp. 2d 445, 449 (E.D.N.Y. 2011); *Williams v. City of New York*, 2006 WL 399456, at *3 (S.D.N.Y. 2006).

The Court finds that here the balance of convenience and justice favors transfer. As defendant points out, "[t]here is a strong policy favoring the litigation of related claims in the same tribunal in order that pretrial discovery can be conducted more efficiently, duplicitous litigation can be avoided, thereby saving time and expense for both parties and witnesses, and inconsistent results can be avoided." *Wyndham Assocs. v. Bintliff*, 398 F.2d 614, 619 (2d Cir. 1968); *see also*

*Williams*, 2006 WL 399456 at *3 ("[C]ourts consistently recognize that the existence of a related action in the transferee district is a strong factor to be weighed with regard to judicial economy, and may be determinative."). Here, the facts and legal issues underlying the two complaints overlap substantially. It is highly likely that both parties will need access to the same witnesses and proof, and that the parties will advance similar legal arguments. Indeed, Jones herself concedes that the two cases should at least be consolidated for discovery purposes. Opp. at 3. And because (a) Allen's action was removed to the Southern District before Jones's was filed here, *cf. First City Nat'l Bank and Trust Co. v. Simmons*, 878 F.2d 76, 80 (2d Cir. 1989) (explaining "first-filed" rule), and (b) the parties have already set a discovery schedule in Allen's action, Mot. at 10, transfer to the Southern District is appropriate.

Despite her agreement that the two cases should be consolidated for discovery purposes, Jones opposes defendant's motion for a transfer of venue to the Southern District. Her concern is that if her action is transferred it will be consolidated with Allen's, a result defendant acknowledges it will seek if this Court grants its motion. Jones contends that although the facts underlying the two complaints are similar, they are not identical, and that in any event the damage measures will be different. Opp. at 2. Accordingly, she believes "that in the interest of justice, there will be less jury confusion, if the cases are tried separately." *Id.* at 3. She asks the Court to consolidate the two actions in the Eastern District for discovery purposes only. *Id.*

Defendant has not moved to consolidate the two actions at this time (nor could it), so Jones's objections to such a motion are irrelevant here. To what extent, if at all, the actions should be consolidated is a matter to be taken up after transfer, if and when defendant makes such a motion. As to Jones's alternative request, the Court has no authority to order, at the request of a party before it, that an action venued in another district and brought by a different plaintiff be

consolidated with an action before it for discovery purposes.  And Allen has not moved in her action in the Southern District of New York for any such consolidation.

Having reviewed defendant's motion and concluded that the Southern District of New York is a proper venue for this action, that said court could exercise jurisdiction over it, and that the likely savings in resources to the parties, the witnesses and the courts tips the balance of convenience and justice in favor of transfer, the Court grants the motion to transfer venue pursuant to 28 U.S.C. § 1404(a).  The Clerk of Court is directed to transfer this action to the docket of the United States District Court for the Southern District of New York.

SO ORDERED.

Dated:  March 5, 2012
        Brooklyn, N.Y.

                                                    /s/
                                            Carol Bagley Amon
                                            Chief United States District Judge